MITCHELL MALZBERG, ESQ. (MM4551)
MITNICK & MALZBERG, P.C.
PO Box 429
29 Race Street
Frenchtown, New Jersey 08825
(908) 996-3716
*Counsel to the Chapter 7 Trustee/Plaintiff*

| In the Matter of:<br><br>RICHARD A. PULASKI<br><br>          Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Chapter 7<br><br>Case No. 12-11124/KCF |
|---|---|
| BARRY R. SHARER, CHAPTER 7 TRUSTEE FOR THE DEBTOR ESTATE OF RICHARD A. PULASKI<br><br>          Plaintiff,<br>v.<br><br>DEERWOOD MPG, LLC, FRIENDSHIP MPG, LLC, ROBERT L. WORKMAN, DAVID L. BONANNI, STEVEN MAZLIN, ANDRE PAGLIARO, JOSEPH BOCCHINI, SARJIT S. BHARJ, CHETAN SHAH, KEVIN KUNKLE, DAVID FRIED, LOUIS TSAROUHAS, CHIRAG SHAH, JOHN GERVASONI and JOHN DOES 1-10<br><br>          Defendant(s). | Adv. Proc. No.<br><br><br><br>**COMPLAINT TO AVOID FRAUDULENT TRANSFER** |

Plaintiff, Barry R. Sharer as Chapter 7 Trustee for the Debtor Estate of Richard A. Pulaski by and through his counsel, Mitchell Malzberg, Esq., by way of Complaint against the Defendant(s), says as follows:

<u>JURISDICTION</u>

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 1409. This is a "core proceeding" as defined by 28 U.S.C. 157, 1334.

PARTIES

2. Plaintiff, Barry R. Sharer (hereinafter "Trustee"), was appointed Chapter 7 Trustee for the Debtor Estate of Richard A. Pulaski, and is duly qualified to and presently acting as the Trustee of the debtor estate.

3. Richard A. Pulaski, (hereinafter "Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 18, 2012. Thereafter, this case converted to a Chapter 7 proceeding by Order dated September 19, 2012.

4. Deerwood MPG, LLC is a limited liability company that received a fraudulent transfer from the Debtor.

5. Friendship MPG, LLC is a limited liability company that received a fraudulent transfer from the Debtor.

6. Upon information and belief Robert L. Workman, David L. Bonanni, Steven Mazlin, Andre Pagliaro, Joseph Bocchini, Sarjit S. Bharj, Chetan Shah, Kevin Kunkle, David Fried, Louis Tsarouhas, Chirag Shah and John Gervasoni are members of Deerwood MPG, LLC. Upon information and belief Louis Tsarouhas is the managing member of Friendship MPG, LLC.

7. John Does 1-10 are members of Friendship MPG, LLC. The identity of the members of Friendship MPG, LLC are unknown to the plaintiff despite the plaintiff's best efforts to identify these individuals. The complaint may be amended if and when the plaintiff obtains this information.

COUNT ONE

8. Upon information and belief, the Debtor was a member of Deerwood MPG, LLC.

9. A valuation prepared by the Trustee/Plaintiff by review of tax returns and using standard commercial real estate valuation principles valued the Debtor's ownership interest at $120,000.00 at the time of the transfer.

10.  Upon information and belief, on or about December 2, 2011, the Debtor transferred his ownership interest in Deerwood MPG, LLC to Defendant(s) Friendship MPG, LLC and its members for less than equivalent value.

11.  Upon information and belief said transfer was made for the benefit of Deerwood MPG, LLC and its members, Defendants Robert L. Workman, David L. Bonanni, Steven Mazlin, Andre Pagliaro, Joseph Bocchini, Sarjit S. Bharj, Chetan Shah, Kevin Kunkle, David Fried, Louis Tsarouhas, Chirag Shah and John Gervasoni as part of a plan by these Defendants to insulate this asset from the debtor estate.

12.  Upon information and belief, the transfer by the Debtor to Friendship MPG, LLC and its members occurred when the Debtor was insolvent or in the alternative the transfer of the property rendered the Debtor insolvent.

13.  Said transfer to the Friendship MPG, LLC is avoidable as a fraudulent conveyance pursuant to NJSA 25:2-20, *et. seq*.

14.  Upon information and belief, the transfer of the Debtor's ownership interest in Deerwood MPG, LLC to Friendship MPG, LLC and its members was in furtherance of a plan and intent by the Debtor to transfer property to the detriment of, and in an attempt to, defraud the Plaintiff and the creditors of the estate.

15.  Upon information and belief, the transfer by the Debtor to Friendship MPG, LLC and its members was for less than the equivalent value of the property transferred.

16.  Upon information and belief, said transfer was not to a good faith purchaser for value.

17.  Upon information and belief said transfer was part of Debtor's plan to transfer a valuable asset of the debtor estate and to conceal the asset from creditors, and in particular, an attempt to defraud the estate.

18.  The transfer by Debtor to Friendship MPG, LLC and its members and for the benefit of Defendant Deerwood MPG, LLC and its members Defendants Robert L. Workman, David L. Bonanni,

Steven Mazlin, Andre Pagliaro, Joseph Bocchini, Sarjit S. Bharj, Chetan Shah, Kevin Kunkle, David Fried, Louis Tsarouhas, Chirag Shah and John Gervasoni is avoidable under state law as said transfer was not to a good faith purchaser or transferee for value.

19. Upon information and belief said transfer is voidable as said transfer is deemed a constructively fraudulent transfer under State Law and Federal Bankruptcy Law.

20. The transfer was not made in good faith.

21. Said transfer was not to a good faith purchaser for value.

22. The transfer by Debtor to Friendship MPG, LLC and its members and for the benefit of Defendants Deerwood MPG, LLC and its members Defendants Robert L. Workman, David L. Bonanni, Steven Mazlin, Andre Pagliaro, Joseph Bocchini, Sarjit S. Bharj, Chetan Shah, Kevin Kunkle, David Fried, Louis Tsarouhas, Chirag Shah and John Gervasoni is avoidable under state law as the Debtor was insolvent at the time of the transfer or said transfer rendered the Debtor insolvent.

23. At the time of said transfer, the Debtor was insolvent or in the alternative such transfer rendered the Debtor insolvent.

24. Said transfer is fraudulent as to the Trustee and may be avoided by him pursuant to the provisions of 11 U.S.C. 548 and relevant State law.

25. Said transfers were not discovered until the examination of the Debtor.

26. Pursuant to 11 U.S.C. 544(b), said transfers are voidable by the Trustee.

27. Plaintiff hereby asserts alternative causes of action against the Defendant(s) as to any further transfers of assets or other recoveries available to the Trustee or avoidance actions, including, without limitation, pursuant to 11 U.S.C. Section 544, 547, 548 and 549.

WHEREFORE, Plaintiff demands judgment avoiding the above described fraudulent transfer of assets of the estate by and through Defendants Deerwood MPG, LLC, Friendship MPG, LLC, Robert L. Workman, David L. Bonanni, Steven Mazlin, Andre Pagliaro, Joseph Bocchini, Sarjit S. Bharj, Chetan Shah,

Kevin Kunkle, David Fried, Louis Tsarouhas, Chirag Shah and John Gervasoni and John Does 1-10 ordering judgment against the Defendant(s) for its equivalent value, for costs incurred herein, and for such other and further relief as the court deems just and proper, attorney's fees and costs.

MITNICK MALZBERG, P. C.

Dated: October 31, 2013        */s/ Mitchell Malzberg*
                               MITCHELL MALZBERG, ESQ.
                               Counsel to the Chapter 7 Trustee/Plaintiff